MICHAEL BARTILUCCI, as Administrator, etc., of CAMMILLO COS-
TELLO, Deceased, Respondent, *v.* HARRY CHAYEFSKY and Another,
Copartners Doing Business under the Firm Name and Style of
MORRISANIA STOCK FARM, Appellants.

First Department, November 30, 1923.

**Negligence — action to recover for death of plaintiff's intestate who was
killed when his wagon collided with defendants' wagon — evidence —
error to admit testimony by police officer who arrested defendants'
driver as to what he said to driver concerning cause of accident and as
to result of his investigation.**

In an action to recover for the death of plaintiff's intestate who was killed when his
wagon collided with a wagon belonging to the defendants it was reversible
error to admit in evidence the testimony of a police officer as to what he said to
the defendants' driver when he arrested him and as to the result of his investiga-
tion into the cause of the accident.

APPEAL by the defendants, Harry Chayefsky and another, from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Bronx on the 15th day
of January, 1923, upon the verdict of a jury for $20,000.

*Theodore H. Lord* [*Fred H. Rees* with him on the brief], for the
appellants.

*Evans & Hunt* [*G. Everett Hunt* of counsel], for the respondent.

FINCH, J.:

The action was brought by plaintiff, as administrator, to recover
for the death of one Cammillo Costello as the result of a collision
between a wagon driven by said Costello and one of the defendants'
wagons. According to the testimony submitted by the plaintiff,
two of the defendants' milk wagons were proceeding north along
Third avenue in the borough of The Bronx, city of New York, one
behind the other, on the car tracks nearer the easterly side of said
avenue, while the wagon on which Costello was riding was going
south on Third avenue, on the car tracks nearer the westerly side
of said avenue, and as the wagons approached each other between
One Hundred and Seventy-fourth and One Hundred and Seventy-
fifth streets, the milk wagon in the rear suddenly turned from the
north-bound car tracks to the south-bound tracks and came in
collision with Costello's wagon. The defendants' version of the
accident was that Costello's wagon was turned sharply to the left,
in order to avoid a pile of bricks, and collided with defendants'
wagon while the same was on the north-bound tracks.

The points urged upon this appeal are that the verdict is against

the weight of the evidence, and an alleged error in the admission of testimony. Only the latter need be considered, since it appears there was error in the admission of testimony sufficiently prejudicial to the defendants to require a new trial.

The plaintiff put a police officer on the stand, who was permitted to testify, over the defendants' objection, that he said to the defendants' driver: " ' Driver, I have to arrest you as the result of my investigation.' I says, ' You were on the wrong side of the street; you were on the south-bound track going north.' ' Well,' he says, ' I don't know how that happened. If that hole had not pulled me over.' I says, ' That hole is about twenty yards away, and furthermore, it is on the south-bound track.' He says, ' Then I don't know how it happened.' "

The respondent urges that this testimony was admissible as affecting the credibility of the defendants' driver, who on cross-examination had been asked whether the said officer had not inquired: " What are you doing on the wrong side of the street? " and replied: " It must have been that rut back there by the north-bound track." The driver denied this, but said the officer had told him that others had said that he said it. The officer, however, was not asked what the driver said, but what he, the officer, said, and was allowed to state conclusions which he had reached as the result of an investigation based on the conclusions of third parties. The officer stated: " Well, I made an investigation to see who was responsible for the accident, and I asked a milkman and the other witnesses, one by one, whose fault it was." By means of this testimony plaintiff brought as evidence to his side of the case not only statements of the officer, being his conclusions addressed to the defendants, but also the conclusions of the officer based on opinions, conclusions and hearsay statements of third persons, as to whom there was no opportunity for cross-examination. It is impossible to say that this testimony did not have a direct bearing on the issue decided by the jury. In fact, the contrary would seem the more probable.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING, MCAVOY and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.